Fuld, J. (dissenting).
As the Appellate Division held — and we agree with its opinion — to permit the petitioner to be tried for the vehicular homicide charged against him (Penal Law, § 1053-a), after he has been acquitted of reckless driving (Vehicle and Traffic Law, § 1190), would constitute double jeopardy under both our Federal and State Constitutions (U. S. Const., 5th Amdt.; N. Y. Const., art. I, § 6) since such reckless driving is an essential element of the homicide.
The circumstance that one who is convicted of reckless driving— in violation of section 1190 of the Vehicle and Traffic Law — may later, if death resulted from the reckless driving, be prosecuted for and convicted of vehicular homicide (Vehicle and Traffic Law, § 1800, subd. [d]) is, in our view, completely beside the point. Obviously, a person may be convicted of one crime and later of another crime if conviction of the latter requires proof of other and different elements or acts. However, where, as in the present case, the defendant was found not guilty of a *253 violation of section 1190 of the Vehicle and Traffic Law — i.c., reckless driving or, more precisely, operating an automobile in a reckless or culpably negligent manner—he may not later be tried for vehicular homicide since, as already noted, an essential ingredient of the latter offense is driving “in a reckless or culpably negligent manner ” (Penal Law, § 1053-a).
The order appealed from should be affirmed.
Opinion by Judge Dye in which Chief Judge Desmond and Judge Bergan concur, Judge Burke concurring for reversal in a separate opinion; Judge Fuld dissents and votes to affirm in an opinion in which Judges Van Voorhis and Scileppi concur, Judge Van Voorhis concurring for affirmance in the following memorandum in which Judge Scileppi concurs: The doctrine of collateral estoppel under New York State law is comprehended in the double jeopardy rule (People v. Lo Cicero, 14 N Y 2d 374). Therefore, petitioner cannot be tried on a vehicular homicide charge without being subject to double jeopardy, inasmuch as the fact of driving in a reckless or culpably negligent manner, which is essential to the vehicular homicide charge, has been resolved in his favor by his acquittal of reckless driving.
Order reversed, etc.